IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America,       )
                                )
                Plaintiff,      )
                                )
                                )
                                )
                                )
                                )
        v.                      )    No. 22 CV 1252
                                )
Chawan Lowe.                    )
                                )
                Defendant.      )

MEMORANDUM OPINION AND ORDER

A jury convicted Chawan Lowe of illegally possessing a firearm, and the Seventh Circuit upheld his conviction and sentence. *See United States v. Lowe*, 2 F.4th 652 (7th Cir. 2021). Lowe challenges his conviction and sentence in a collateral attack under 28 U.S.C. § 2255, arguing that his attorney rendered constitutionally ineffective assistance by failing to: (1) communicate with him concerning a potential plea agreement; (2) conduct an adequate and independent pretrial investigation; (3) attempt to negotiate a favorable plea agreement; (4) inform him of his trial strategy, affirmative defenses, or theory of the case; (5) subpoena and present witnesses on his behalf; (6) effectively cross-examine witnesses at trial; (7) discuss and explain the presentence investigation report ("PSR") to him; and (8) object to

1

the PSR. Because nothing in Mr. Lowe's motion substantiates these putative errors or shows that he was prejudiced by his attorney's performance, he is not entitled to relief.

Section 2255 authorizes a federal prisoner to seek relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(a), but relief is available under the statute "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021) (cleaned up). Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), claims based on ineffective assistance of counsel warrant relief only when "counsel's performance was deficient" and "the deficient performance prejudiced the defense." Both prongs are subject to presumptions favoring the government, as courts presume both that defense counsel's performance fell "within the wide range of reasonable professional assistance," *id*. at 689, and that the defendant has not suffered prejudice, *United States v. Graf*, 827 F.3d 581, 584–85 (7th Cir. 2016). Failure to establish either prong is fatal, so I need not address both if I conclude that either is not met. *See Thompson v. Vanihel*, 998 F.3d 762, 767 (7th Cir. 2021).

Lowe begins with claims concerning his attorney's handling of the plea negotiation process, but his arguments are not borne out

by the record. Lowe first asserts that his attorney wrongly advised him to reject a "plea offer for 57 months" and counseled him instead to proceed to trial. In response, the government attaches a draft plea agreement and accompanying email exchange indicating that the draft was provided to Lowe's counsel. See Resp., Exh. A. The terms of this draft reveal a disagreement between the parties with respect to the applicable sentencing range: Lowe's position was that the range was 57 to 71 months' imprisonment, while the government contended that Lowe was subject to 87 to 108 months of imprisonment. The draft agreement further states that "[e]ach party is free to recommend whatever sentence it deems appropriate," and acknowledges that "the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above." Gov't. Resp., Exh. A at 7-10. Although Lowe observes correctly that the government's exhibits are not "testimony under oath or taken under the penalty of perjury," Reply at 4, he does not dispute that the draft agreement attached to the government's response is indeed the one his lawyer conveyed to him and whose terms he considered when deciding whether to plead guilty or instead proceed to trial. And because the terms of that draft agreement belie Lowe's assertion that the government made a "plea offer for 57 months," there is no substance to his claim that his attorney misadvised him in relation to such an offer. Similarly without any factual basis in the record

3

is Lowe's conclusory claim that his attorney failed to attempt to negotiate a favorable plea agreement.

With respect to Lowe's argument that his counsel failed to investigate his case adequately prior to trial, the Seventh Circuit has explained that "a petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, 'a comprehensive showing as to what the investigation would have produced.'" *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (quoting *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990)). Lowe has not done so here. He states that he "advised [his attorney] to interview witnesses who were present during the date in question," and complains that his counsel did not investigate such witnesses or present their testimony at trial, Reply, at 5, but he neither identifies the witnesses he would have had his attorney investigate nor explains how their testimony would have helped him at trial. Accordingly, even assuming his attorney's failure to interview these unidentified witnesses could be deemed an error of constitutional magnitude, Lowe has not shown any resulting prejudice. *United States v. Lathrop*, 634 F.3d 931, 939 (7th Cir. 2011) (defendant who "neglected to tell us what evidence would have been gleaned from additional investigation" failed to satisfy *Strickland*'s prejudice prong).

4

Nor is Lowe entitled to an evidentiary hearing to try and establish his attorney's putative errors on this front, as he has not included an affidavit from any witness he would present at such a hearing. *See Kafo v. United States*, 467 F.3d 1063, 1068 (2006) (Seventh Circuit requires "strict observance of the affidavit requirement" under § 2255); *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("detailed and specific" affidavit attesting to facts entitling defendant to § 2255 relief is a "threshold requirement for securing an evidentiary hearing."). Accordingly, like his claims based on failure to investigate, Lowe's claims that his counsel failed to subpoena or present witnesses at trial do not support relief.[1]

This leaves only Lowe's claims concerning his attorney's conduct with respect to the Presentencing Investigation Report ("PSR"). Lowe first faults his counsel for failing to object to certain aspects of the PSR, but the government's response details why those objections—which concerned whether the firearm Lowe was charged with possessing was capable of accepting a high capacity magazine; whether Lowe had two prior felony convictions for controlled substances offenses; and whether two prior convictions were properly counted separately—lacked merit as a matter of law.

---

[1] To the extent Lowe argues that his attorney failed to cross-examine the government's witnesses, the trial record belies that argument, as his counsel cross-examined witnesses, challenged the government's evidence, and ably argued for an acquittal.

Lowe identifies no flaw in the government's analysis, and his counsel was not ineffective for failing to raise meritless objections. *See Peterson v. Douma*, 751 F.3d 524, 533 (7th Cir. 2014) ("[t]he Sixth Amendment does not require counsel ... to press meritless arguments before a court, and it is always good strategy to avoid wasting time or the court's attention with claims that are going nowhere.") (ellipses in original, internal quotation marks and citation omitted). Lastly, Lowe asserts that his attorney failed to explain the PSR to him, but he again identifies no prejudice associated with this putative shortcoming in his attorney's performance.

For the foregoing reasons, Lowe's motion is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: October 28, 2022